

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:                              Opinion No. O-3965
                                       Re: Does the board of trustees
                                           have the authority to convey
                                           the property of Brownsville
                                           Independent School District
                                           to the City of Brownsville
                                           under the facts set forth?

        We have your letter of September 8, 1941, wherein
you transmit letter from Mr. H. G. H. Weinert, President of
the Board of Trustees of the Brownsville Independent School
District, setting out the following facts:

        "Brownsville Independent School District
        has a proposition from the City of Brownsville
        in which it is proposed that the School District
        convey to the City certain real estate owned by
        the School District on which the City will con-
        struct a gymnasium which will be controled en-
        tirely by the City and the School District will
        have certain privileges as to use of the building.

                "....

                "The particular proposal now before the
        Board of Trustees of the Brownsville Independent
        School District for determination involves a
        conveyance by said Board of Trustees to the City
        of Brownsville of certain lands owned by the
        Brownsville Independent School District:  That
        the only consideration for this proposed con-
        veyence is the construction by the City, on the
        land thus acquired, of a gymnasium to be owned
        and operated by the City under an agreement allow-
        ing the Brownsville Independent School District
        certain privileges of use thereof.'

                "...."

gonorable T. M. Trimble, First Assistant, Page 2

Upon these facts you submit the following question:

Does the board of trustees have authority to convey the property of Brownsville Independent School District to the City of Brownsville under the facts set forth, and if so, is it necessary to have the approval of the State Board of Education?

The Brownsville Independent School District was created by special act of the Legislature, approved March 22, 1915, being House Bill No. 594, Chapter 63, Page 209 of the Special Laws of the 34th Legislature. Section 3 of said act provides as follows:

"SEC. 3. That the said Brownsville Independent School District shall have and exercise, and is hereby vested with, all the rights, powers, privileges and duties of a town or village incorporated under the General Laws of the State of Texas for free school purposes only, and the board of trustees of the said Brownsville Independent School District shall have and exercise, and is hereby vested and charged with, all the rights, powers, privileges and duties conferred and imposed by the General Laws of this State upon the trustees of independent school districts created and organized under the General Laws of this state." (Emphasis ours)

As can be seen from Section 3 of said Act above quoted, the Brownsville Independent School District was vested with all the rights, powers, privileges and duties of a town or village incorporated under the general laws of the State of Texas for free school purposes only, and the board of trustees of said district have all the rights, powers, privileges and duties conferred and imposed by the general laws of this State upon the trustees of independent school districts created under the general laws of this State. We have heretofore held in Opinion No. O-415, copy of which is enclosed herewith, that Article 2773 of the Revised Civil Statutes of Texas, 1925, govern the sale of school property of independent school districts such as the Brownsville Independent School District.

Article 2773 reads as follows:

"Any houses or lands held in trust by any city or town for public free school purposes may be sold for the purpose of investing in more convenient and desirable school property, with the consent of the State Board, by the board of trustees

of such city or town; and, in such case the president of the school board shall execute his deed to the purchaser for the same, reciting the resolution of the State Board giving consent thereto and the resolution of the board of trustees authorizing such sale."

Under the facts outlined in your letter, it is the opinion of this department that the proposed conveyance of the school property to the City of Brownsville does not comply with the provisions of Article 2773 in that same is not a sale for the purpose of investing in more convenient and more desirable school property and therefore cannot be made.

In view of the foregoing, it becomes unnecessary to determine the question of whether or not such a sale would have to have the approval of the State Board of Education.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Douglas E. Bergman_
Douglas E. Bergman
Assistant

DEB:mp

APPROVED SEP 25, 1941

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN